# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                    Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                    Not Present

PROCEEDINGS:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION
TO REMAND (Doc. 14), DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS AND MOTION TO AMEND COMPLAINT
AS MOOT (Docs. 13, 15)

Before the Court are three motions: a Motion for Judgment on the Pleadings filed
by Defendant American Airlines, Inc. ("American Airlines") (Doc. 13), and a Motion to
Remand and Motion for Leave to Amend the Complaint filed by Plaintiff David Shaw
(Docs. 14, 15). Shaw opposed American Airline's Motion, and American Airlines
replied. (Docs. 19, 23.) American Airlines opposed both of Shaw's Motions, and Shaw
replied. (Docs. 21, 22, 24, 25.) The Court finds this matter appropriate for decision
without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the
hearing set for February 10, 2023 at 10:30 a.m. is VACATED. For the reasons given
below, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT
Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Leave to
Amend.

## I.    BACKGROUND

This action arises from discriminatory treatment Shaw alleges he suffered as an
American Airlines employee because he is gay. (Compl., Doc. 1-1.) The facts are drawn
from Shaw's Complaint. Shaw began working for American Airlines as a Flight Service
Manager at the Los Angeles International Airport ("LAX") in 2017. (*Id.* ¶ 11.) He was

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                    Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

promoted twice in the next two years and "was considered an outstanding employee with
no documented history of disciplinary problems." (*Id.* ¶¶ 12-15.) While Shaw was
employed at American Airlines, Deborah Carvatta became the Regional Director. (*Id.*
¶ 14.)

When she became Regional Director, Carvatta "noticeably treated Shaw
differently than his Co-Operation Manager: Hera Jahng, a heterosexual individual." (*Id.*
¶ 16.) Carvatta "conspicuously dismissed Shaw's recommendations and ideas and talked
over him during staff meetings." (*Id.* ¶ 17.) Around April 1, 2021, Shaw went to project
manager Phillip Hevey to voice his concerns about Carvatta's treatment of Shaw. (*Id.*
¶ 19.) Hevey told Shaw to speak to Brady Byrnes, the Vice President of American
Airlines's Flight Service Department, and Shaw did so. (*Id.* ¶¶ 19-20.) Byrnes told Shaw
that Carvatta never spoke poorly of him and that Shaw had a good chance of being
promoted to base manager if he maintained his current work ethic. (*Id.* ¶ 20.)

However, Carvatta continued to express contempt toward Shaw, and Shaw was
continuously turned down for promotions to base manager positions. (*Id.* ¶ 21.) Shortly
thereafter, Jose Vargas was hired as a Flight Service Manager. (*Id.* ¶ 22.) After being
hired, Vargas's performance fell short of expectations; Shaw, who was his direct
supervisor, reported Vargas's poor performance to Carvatta and others. (*Id.* ¶¶ 22-24.)
Vargas was placed on a performance improvement plan drafted by Shaw and approved
by Carvatta and others. (*Id.* ¶¶ 25-30.) After being placed on the plan, Vargas, who
openly identified as gay, began "lodging complaints to upper management against other
gay co-workers and their conduct relating to homosexuality," leading to two employees
being terminated solely on the basis of his allegations. (*Id.* ¶¶ 31-32, 35.) Vargas's work
performance significantly improved during his 60-day performance improvement plan,
and Shaw recommended keeping him on staff, but Vargas was terminated. (*Id.* ¶¶ 33-
35.)

On May 5, 2022, Shaw was escorted to a meeting with Jeannette Gibbs, a Work
Environment Investigator, where Gibbs "interrogated" Shaw about Vargas's performance
improvement plan and the circumstances surrounding his termination. (*Id.* ¶¶ 8, 36-37.)
Gibbs directed Shaw to forward relevant documents to support that Vargas's performance
improvement plan was issued on merit in order to defend against a
discrimination/disparate treatment lawsuit Vargas had filed after his termination. (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                      Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

¶ 38.)  Gibbs also stated that she had received an email from someone named "Schwartz" alleging that Shaw had behaved inappropriately, and that there were no linked employees associated with the name or the email address.  (*Id.* ¶ 39.)  Shaw believes that Vargas made the allegations.  (*Id.* ¶ 40.)  Gibbs questioned Shaw about the allegations, and he denied them all.  (*Id.* ¶ 41.)  The allegations were (1) that Shaw had stated at an off-site, non-job-related even that he wanted to "fuck" one of his subordinates; (2) that Shaw had showed a picture of a penis from his phone at a happy hour with friends, which included some American Airlines employees; and (3) that Shaw had encouraged another individual to show their Grindr dating profile to others at their table at an off-site, non-work-related event.  (*Id.*)

Gibbs asked Shaw who he thought would fabricate these incidents, and Shaw told her that he thought it was Vargas with either the help of Vargas's boyfriend, Nick Tamer, or their good friend, Sergio Hernandez, in retaliation for Shaw issuing Vargas the performance improvement plan.  (*Id.* ¶ 43.)  Shaw had noticed that between the issuance of the performance improvement plan and Vargas's termination that Vargas had viewed his LinkedIn profile, and Tamer and Hernandez had attended some or all of the activities where the alleged events supposedly took place.  (*Id.*)  At the end of the interview, Gibbs told Shaw, "You know what I need," apparently referring to Vargas's lawsuit.  (*Id.* ¶ 44.)  Shaw communicated his beliefs regarding the allegations against him to Carvatta and to Matthew Stoner, the LAX Base Manager for American Airlines.  (*Id.* ¶ 45.)  Shaw gathered the documents Gibbs requested and forwarded them to her, and they had a follow up meeting, where Shaw was complimented on his organization and informed that his investigation was completed.  (*Id.* ¶ 46.)  On May 24, 2022, Shaw was terminated with no disciplinary warnings or further investigation.  (*Id.* ¶ 47.)

Shaw filed a Complaint in Los Angeles County Superior Court on September 29, 2022, bringing the following claims: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940 *et seq.*; (2) retaliation in violation of the FEHA; and (3) wrongful termination in violation of public policy.  (*Id.* ¶¶ 48-82.)  American Airlines removed the case to this Court on November 7, 2022, asserting diversity jurisdiction.  (Notice of Removal ("NOR"), Doc. 1.)  Shaw moves for remand and for leave to amend the Complaint, and American Airlines moves for judgment on the pleadings.

**CIVIL MINUTES – GENERAL**                                    **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                    Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

## II.      **LEGAL STANDARD**

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332. Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.     **DISCUSSION**

American Airlines removed this action on the basis of diversity jurisdiction. Diversity jurisdiction exists for civil actions between citizens of different states, where the amount-in-controversy is greater than $75,000. 28 U.S.C. § 1332. Shaw is a California resident. (Compl. ¶ 1.) One of the defendants, Matthew Stoner, is also a California resident. (*Id.* ¶ 6.) American Airlines argues, however, that Stoner's citizenship should be disregarded for diversity purposes because he is a fraudulently-joined "sham defendant." (NOR at 11.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against the non-diverse party in state court." *Robey v. FCA US LLC*, No. 20-00367, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quotations omitted). A defendant seeking to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                          Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

remove on the basis of fraudulent joinder faces both "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (quotations omitted).

American Airlines asserts that Stoner is fraudulently joined because none of the claims Shaw brings against him are viable as a matter of law: FEHA claims for discrimination and retaliation, as well as claims for wrongful termination in violation of public policy, can be brought only against employers, not individuals. (NOR at 12-13.) Shaw does not argue that the Complaint as drafted states a claim against Stoner, but rather argues that the facts support a claim for harassment against Stoner, and the Complaint could be amended to add such a claim. (Doc. 14 at 10-11.)

"Unlike discrimination claims, harassment claims are cognizable against individual defendants under FEHA." *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1248 (N.D. Cal. 2014). In a proposed Amended Complaint attached to the Motion for Leave to Amend, Shaw adds additional facts and an additional claim for harassment in violation of the FEHA in order to state a claim against the individual defendants, including Stoner. (Doc. 15 at 15-33.) American Airlines argues that focus of the inquiry into fraudulent joinder should be on the operative Complaint, not the proposed Amended Complaint. (Doc. 21 at 21-22.) It is true that some district courts in the Ninth Circuit have restricted their fraudulent joinder analysis to the operative complaint, without consideration of other causes of action that might be alleged in amended pleadings. *See, e.g.*, *Pasco v. Red Robin Gourmet Burgers*, Inc., No. 11-01402, 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. 11-1402, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that *could* be alleged via an amended complaint."). However, "the majority of federal district court[s] …within the Ninth Circuit (especially the more recent cases) … require the defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend." *Madayag v. McLane/Suneast, Inc.*, No. 16-1082, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (surveying cases). And this Court has previously

**CIVIL MINUTES – GENERAL**                                    5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                                    Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

found that the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged.  *See Reitz v. FCA US LLC*, No. 20-00687, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021).  Accordingly, given the presumption against fraudulent joinder, American Airlines must show not only that the Complaint does not state a cause of action against Stoner, but that Shaw would not be able to amend it to state a claim against him.  *See Bell v. Terminix Int'l Co. Ltd. P'ship*, No. 16-00012, 2016 WL 3166318, at *3-7 (D. Haw. June 6, 2016).

American Airlines' argument as to why Shaw should be denied leave to amend— because it is "an effort to destroy diversity jurisdiction"—is inapposite on a motion for remand, where the presumption against removal and against fraudulent joinder place the burden on American Airlines to show Shaw could not amend the complaint to state a claim against Stoner.  American Airlines also argues that Shaw's proposed amendments fail to state a claim for harassment because "[n]one of the alleged conduct by Stoner could be considered harassing, and, even if it could, the conduct is not sufficiently severe or pervasive to create a hostile working environment."  (Doc. 22 at 19.)  It is true that some of the proposed allegations are non-specific and conclusory.  (*See, e.g.*, Doc. 15 at 24 ¶ 50 ("The pervasive and severe harassment by Carvatta, Stoner, and Gibbs as well as other upper management altered the conditions for Shaw and created an abusive working environment.").)  However, "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand."  *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).  Here, Shaw has identified a cognizable, non-frivolous harassment claim against Stoner such that Stoner must be considered for purposes of determining diversity jurisdiction.  *See Loid v. Comput. Scis. Corp.*, No. 12-5144, 2013 WL 808696, at *6 (E.D. Wash. 2013).  Because there is no fraudulent joinder, there is not complete diversity, and the action must be remanded.

Accordingly, Shaw's Motion to Remand is GRANTED and the Motion for Leave to Amend and the Motion for Judgment on the Pleadings are DENIED as moot.

Shaw requests the Court to order American Airlines to pay attorney fees and costs associated with removal.  (Doc. 14 at 11.)  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

**CIVIL MINUTES – GENERAL**                                                            6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08137-JLS-PLA                                    Date: February 07, 2023
Title: David Shaw v. American Airlines, Inc. et al

reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S.
132, 141 (2005).  Although the Court ruled against American Airlines, its assertion of
fraudulent joinder was not objectively unreasonable.  Shaw's request for costs and fees is
therefore DENIED.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Remand is GRANTED and the Motion
for Judgment on the Pleadings and Motion for Leave to Amend are DENIED.  The case
is remanded to Los Angeles County Superior Court, Case. No. 22TRCV00882.

Initials of Deputy Clerk:  vrv